```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
---------------------------------------------------------x
HANNA Z. HANNA,

                Petitioner,
    -against-                              MEMORANDUM AND ORDER
                                           Case No. 11-CV-2495 (FB)
UNITED STATES OF AMERICA,

                Respondent.
---------------------------------------------------------x
```

*Appearances:*
For the Petitioner:
STEPHEN N. PREZIOSI, ESQ.
570 Seventh Avenue, Sixth Floor
New York, New York 10018

*For the Respondent*:
ANTHONY M. CAPOZZOLO, ESQ.
Assistant United States Attorney
Eastern District of New York
271 Cadman Plaza East
Brooklyn, New York 11201

**BLOCK, Senior District Judge:**

On May 28, 1997, Hanna Z. Hanna pleaded guilty to one misdemeanor count of aiding and abetting the making of false statements in an application for alien registration, in violation of 8 U.S.C. § 1306(c). He was sentenced to one year of probation and ordered to pay a fine of $1,000. He did not appeal.

Hanna now petitions for a writ of error *coram nobis*. He claims that his trial attorney (1) promised him that his license to practice law would not be revoked as a result of the guilty plea, (2) promised him that he would be sentenced to only two or three months of probation, and (3) failed to advise him of a possible lack of venue for the charge. He argues that those acts and omissions constituted ineffective assistance of counsel under *Strickland v. Washington*, 466 U.S. 668 (1984).

Hanna's first claim was raised in a prior petition. *See Hanna v. United States*, 2010 WL 2245989 (E.D.N.Y. May 28, 2010).[1] The Court rejected it because the plea colloquy clearly showed that Hanna was "aware of some problems [he] could have in terms of [his] law license." *Id.* at *1 (quoting, with alterations, Tr. of May 28, 1997, at 20).[2] Nothing in Hanna's current petition detracts from that reasoning.

Hanna's second claim is new, but it too is refuted by the plea colloquy. The Court advised Hanna that the charge carried "a maximum term of imprisonment of up to six months" and "a maximum fine [of] up to $5,000." Tr. of May 28, 1997, at 20. Hanna stated that he understood that the Court would "be the one that will make [the sentencing] decision," and that no one had "made any promises to [him] about that." *Id.* at 22.

With respect to venue, Hassan described his role in the offense as "traveling to Philadelphia and filing each application" with the INS office there. *Id.* at 27. However, the government proffered that the applications "were all prepared in the Eastern District of New York." *Id.* at 27-28. Hanna did not refute that representation; indeed, he stated that he believed that a co-defendant, Sayed Hassan Abrahim, had "prepared them in Queens." *Id.* at 29.

---

[1] Though labeled a motion to vacate the conviction under 28 U.S.C. § 2255, the Court construed it as seeking a writ of error *coram nobis* because relief under § 2255 is available only to those in custody. *See Porcelli v. United States*, 404 F.3d 157, 158 (2d Cir. 2005) ("Coram nobis is an 'extraordinary remedy' authorized under the All Writs Act, 28 U.S.C. § 1651(a), generally sought to review a criminal conviction where a motion under 28 U.S.C. § 2255 is unavailable because petitioner is no longer serving a sentence.").

[2] The transcript of the plea proceeding is annexed to the government's opposition memorandum as Exhibit D.

For an aiding-and-abetting charge, "[v]enue is proper where the defendant's accessorial acts were committed *or* where the underlying crime occurred." *United States v. Smith*, 198 F.3d 377, 383 (2d Cir. 1999). Venue for a charge of filing false documents is proper not only in the district where the documents were filed, but also in the district where they were prepared. *See United States v. Mendel*, 746 F.2d 155, 165 (2d Cir. 1984).

In short, Hanna's objection to venue is without merit. An attorney's failure to pursue a meritless argument "does not rise to the level of ineffective assistance." *United States v. Kirsh*, 54 F.3d 1062, 1063 (2d Cir. 1995).

For the foregoing reasons, Hanna's petition is denied.

**SO ORDERED.**

_____
FREDERIC BLOCK
Senior United States District Judge

Brooklyn, New York
April \_\_\_\_\_, 2013